# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KENNETH Q. HAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. : _____ |
| BLOCK, INC. d/b/a CASH APP, | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant Block Inc. d/b/a Cash App, ("Block") by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this action from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support thereof, Block respectfully shows the Court as follows:

### I. INTRODUCTION

1. Plaintiff Kenneth Q. Hawkins ("Plaintiff") commenced this action by filing an Original Petition in the District Court of Harris County, Texas, on or about February 5, 2025, assigned the case number 2025-07987. (See Petition, attached hereto with the state court file as Exhibit A.) The District Court of Harris County, Texas is a state court within this judicial district and division.

2. In the Petition, Plaintiff alleges claims against Block for breach of contract, negligence and gross negligence and invasion of privacy, seeking damages in excess of $850,000.00. (See Petition ¶¶ 22–31.)

## II. DIVERSITY JURISDICTION

3. This Court has jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. *See* 28 U.S.C. § 1332.

4. The defendant has the burden of proving complete diversity of citizenship and an amount in controversy in excess of $75,000.00 when removing a case to federal court. *See Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 637 (5th Cir. 2003).

### A. The parties are diverse.

5. Complete diversity exists between the parties in this matter.

6. For diversity purposes, an individual's "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

7. In the Petition, Plaintiff alleges that he is a resident of Houston, Texas. (*See* Petition ¶ 2.) Plaintiff is therefore a citizen of Texas for purposes of diversity jurisdiction.

8. For purposes of diversity jurisdiction, a corporation such as Block is deemed to be a citizen of the state in which it has been incorporated and in which it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

9. Block is a corporation that is incorporated in the state of California and has its principal place of business in California. Thus, Block is a citizen of the state of California.

10. Accordingly, there is complete diversity, as Plaintiff is a citizen of Texas, and Block is a citizen of California.

**B. The amount in controversy exceeds $75,000.**

11. Removal is also proper because it is apparent from the Petition that the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. While the defendant has the burden of proof to establish that damages exceed the statutory minimum, the defendant need not prove damages with absolute certainty. Rather, the defendant need only assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

13. Where a plaintiff includes a demand for damages in the complaint that exceeds the jurisdictional minimum, "the damages demand made in good faith in the plaintiff's complaint is deemed the amount in controversy." *Bustos v. State Farm Lloyds*, No. 4:19-cv-04812, 2020 WL 2771997, at *2 (S.D. Tex. May 8, 2020); *see also* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

14. In the Petition, Plaintiff seeks economic damages in the amount of $200,000.00, non-economic damages in the amount of $350,000.00 and punitive damages in the amount of $300,000, for a total of $850,000.00 in damages from Block. (*See* Petition ¶ 31.) Thus, based on the face of the Petition, the amount in controversy is at least $850,000.00, well above the jurisdictional threshold of $75,000.00.

15. Accordingly, this case is properly removable because it is between citizens of different states (*i.e.*, Texas and California), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. ADOPTION AND RESERVATION OF DEFENSES

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Block's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

17. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

18. True and correct copies of "all process, pleadings, and orders served upon such defendant" are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon Block to date in this case.

19. This Notice of Removal is filed within thirty days after service on Block, as required by 28 U.S.C. § 1446, as Block received service of process on February 28, 2025.

20. The U.S. District Court for the Southern District of Texas, Houston Division, is the court and division embracing the place where this action is pending in state court.

21. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Block has filed a copy of same with the clerk of the District Court of Harris County, Texas, as well as a notice of filing notice of removal. Plaintiff has also been served with the notice of the filing of this notice of removal.

22. In accordance with Local Rule 81, attached are the following documents:

**Exhibit A:**   All executed process in the case; pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings; and all orders signed by the state judge;

**Exhibit B:**   The docket sheet;

**Exhibit C:**   An index of matters being filed; and

**Exhibit D:**   A list of all counsel of record, including addresses, telephone numbers and parties represented.

23.   Block reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

24.   To the extent remand is sought by Plaintiff or otherwise visited by this Court, Block requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

WHEREFORE, Block prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted this 24th day of March, 2025.

> */s/Reid S. Manley*
> Reid S. Manley
> TX. Bar No. 24047520
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL 35203
> Telephone: (205) 251-3000
> Facsimile: (205) 458-5100
> Email: rmanley@burr.com
>
> *Attorney for Defendant*
> BLOCK, INC. D/B/A CASH APP

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed on this the 24th day of March, 2025 and will be served on the following by U.S. First Class Mail, postage prepaid:

Kenneth Q. Hawkins
702 Girard Street
Houston, Texas 77007
*Pro Se Plaintiff*

                                              */s/ Reid S. Manley*
                                              OF COUNSEL